

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

**ENTERED**
**11/03/2009**

| | | |
|---|---|---|
| IN RE: | § | |
| ANGEL CASTANEDA; dba FALCON | § | CASE NO: 09-50101 |
| LANES BOWLING AND AMUSEMENT | § | |
| CENTER | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 11 |

### ORDER DENYING CONFIRMATION OF CHAPTER 11 PLAN AND SETTING FINAL HEARING ON CONFIRMATION NOTICE OF HEARING ON DISMISSAL OR CONVERSION PARTICIPATION BY US TRUSTEE REQUESTED

Not a single creditor voted on confirmation of Debtor's chapter 11 plan. Not a single creditor voted either in favor of confirmation or rejecting confirmation. The Court concludes that the plan cannot be confirmed under those circumstances. The Court continues the confirmation hearing to November 18, 2009. If the chapter 11 plan is not confirmed on that date, the Court will dismiss the case or convert it to chapter 7.

### I.    FACTS

Debtor proposed a chapter 11 plan of reorganization in which several classes of claims are impaired. At a hearing on October 29, 2009, Debtor's counsel reported that not a single creditor had cast a vote on Debtor's chapter 11 plan. For the following reasons, the Court concludes that the plan cannot be confirmed without at least one affirmative vote.

### II.    CONCLUSIONS OF LAW

A.    The Bankruptcy Code and Federal Rules of Bankruptcy Procedure

Bankruptcy Code § 1129 establishes the requirements for confirmation of a chapter 11 plan. Relevant to this memorandum opinion and order, § 1129(a)(8) and (10) establish the following requirements for confirmation:

<ul style="list-style:none">
</ul>

(a)(10)    If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by an insider.

(a)(8)    With respect to each class of claims or interests—
(A)    such class has accepted the plan, or
(B)    such class is not impaired under the plan.

Bankruptcy Code § 1129(b) establishes an alternative method to satisfy § 1129(a)(8) ("Cramdown"):

(b) [I]f all of the … requirements of subsection (a) … other than paragraph (8) are met … the court … shall confirm the plan … if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted the plan.

Bankruptcy Code § 1126(c) defines "acceptance" of a chapter 11 plan:

(c) A class of claims has accepted a plan if such plan has been accepted by creditors … that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class…

There is only one circumstance in the Bankruptcy Code that "deems" a creditor to have accepted a plan. Bankruptcy Code § 1126(f) provides that a creditor that is not impaired is conclusively deemed to have accepted the plan. The creditors in this case who did not vote are impaired, and therefore this section does not apply.[1]

Rule 3018(c) of the Federal Rules of Bankruptcy Procedure (FRBP) requires an acceptance or rejection of a plan to be in writing, to identify the plan accepted or rejected, to be signed by the creditor or an authorized agent, and to conform to the appropriate official form. There is no alternative in the rule for unwritten acceptances, implied acceptances, or "deemed" acceptances.

By the explicit language of the Bankruptcy Code and FRBP, therefore, a creditor who does not vote is not deemed to have accepted the plan and the creditor's acceptance cannot be implied. And further by the explicit language of § 1129 (a)(10), the plan cannot be confirmed in no impaired class accepts the plan.

B. Jurisprudence and Commentators

1. *In re Cypresswood Land Partners, I,* 409 BR 396 (Bankr. SDTX 2009)

Debtor's counsel cites *Cypresswood* for the proposition that creditors who do not vote for a plan can be deemed to have accepted it. The language in that case supporting Debtor's argument is *dicta*, at least to the extent that it implies that a plan can be confirmed when no creditor has voted in favor of the plan. In *Cypresswood*, one class of impaired creditors affirmatively accepted the plan by casting ballots in favor of the plan. Therefore, the plan proponent satisfied the requirement of § 1129(a)(10). With respect to § 1129(a)(8), the Court found that the plan met the alternative requirements of § 1129(b) ("Cramdown").

As an alternative basis for the decision, *Cypresswood* did indeed state that a class of impaired creditors could be deemed to have accepted a plan for purposes of § 1129(a)(8) if none

---

[1] Obviously Congress knew how to "deem" acceptance of a plan, and failure to vote was not determined to be a "deemed acceptance."

of the creditors in the class cast a ballot.[2]  Because cramdown was an alternative basis for the decision, this Court considers these statements to be *dicta*.  But in any event, they are not binding on this Court and this Court respectfully disagrees.  The statute and the rule are clear. "Acceptance" is defined the same way both for purposes of § 1129(a)(8) and § 1129(a)(10).  An affirmative vote is required, and the rules require the vote to be in writing and to satisfy other formalities.

C.  *In re Rudi Sweetwater, Inc.* 836 F.2d 1263 (10th Cir. 1988)

Debtor's counsel and *Cypresswood* cite *Sweetwater* for the proposition that failure to vote can be deemed to be an acceptance of the plan.  Again, this Court respectfully disagrees, as does the 9th Circuit BAP.[3]

D.  *Collier on Bankruptcy, 15th Ed.*

*Collier* ¶ 1126.04 states:

> [O]nly claims actually voted count in determining whether the requisite majorities in number and amount are met. The case of *In re Ruti-Sweetwater, Inc.*,[2] holding that inaction by a nonvoting single class creditor constituted acceptance by the class, was not correctly decided and has been specifically rejected in recent decisions.

In support of that last sentence, *Collier's* states in footnote 3:

> The failure or inability of a creditor to vote on a plan is not the equivalent of the acceptance of the plan. *In re* M. Long Arabians, 103 B.R. 211 (B.A.P. 9th Cir. 1989) ; *see also In re* Vita Corp., 358 B.R. 749, 751-52 (Bankr. C.D. Ill. 2007) , *aff'd*, 380 B.R. 525, 528 (C.D. Ill. 2008) ; *In re* 7th Street and Beardsley P'ship, 181 B.R. 426 (Bankr. D. Ariz. 1994) ; *In re* Townco Realty, Inc., 18 C.B.C.2d 13, 81 B.R. 707 (Bankr. S.D. Fla. 1987) (section 1126(c) and Bankruptcy Rule 3018 require express acceptance).

*Collier* ¶ 1129.03[8] states:

> [E]ach impaired class must have affirmatively accepted the plan…[4]

---

[2] *Cypresswood* relied on *Sweetwater* which is discussed below.
[3] *In re M. Long Arabians*, 103 BR 211 (B.A.P. 9th Cir. 1989).
[4] At which point *Colliers* states in footnote 141:" *See In re* Wallace, 61 B.R. 54, 14 C.B.C.2d 1168 (Bankr. W.D. Ark. 1986) (plan may not be confirmed in absence of evidence of whether class has accepted or rejected plan)."

E. *Norton Bankruptcy Law and Practice 3rd*

    1. Section 110:19 states:

> The holder of a claim or interest must actually vote in order to have that vote count as either an acceptance or a rejection. … In other words, only claims and interests voted by holders casting a ballot accepting or rejecting the plan are totaled to determine whether acceptances constitute the required majority. Claims or interests that have not been voted are not considered.

## III.　SUMMARY

There is only one standard for determination of whether a creditor has accepted or rejected a chapter 11 plan, and that standard applies both to § 1129(a)(8) and (10). An impaired creditor who does not vote is not deemed to have accepted a plan.

## IV.　ORDER

Because there is contrary *dicta* and authority, the Court will continue the confirmation hearing to November 18, 2009, at 1:00 PM. Debtor must present evidence that the requirements of § 1129(a)(8) and (10) are met (or that § 1129(b) is satisfied).

Because this matter has been pending for so long, if the plan is not confirmed on November 18, the Court will consider dismissal or conversion at that time.

SIGNED 11/02/2009.

_____
Wesley W. Steen
United States Bankruptcy Judge